**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

```
_____
                                 :
EDDIE THOMAS JACKSON,            :
                                 :  Civil Action No. 06-1543 (MLC)
          Plaintiff,             :
                                 :
     v.                          :       O P I N I O N
                                 :
DEBRA ALT, District Parole       :
Supervisor,                      :
                                 :
          Defendant.             :
_____:
```

**APPEARANCES:**

Eddie Thomas Jackson, Pro Se
#97217, FCI Bennettsville, P.O. Box 52020
Bennettsville, SC 29512

**COOPER, District Judge**

Plaintiff, Eddie Thomas Jackson, currently incarcerated at the Federal Correctional Institution, Bennettsville, South Carolina, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915.  Based on Plaintiff's affidavit of indigence, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.[1]

The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon

---

[1] Plaintiff filed this complaint on April 3, 2006, and therefore, is subject to a filing fee of $250.00.

which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's claims will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff states that in 1991 he was sentenced in the Superior Court of New Jersey, Mercer County, to fifteen years incarceration with five years of parole ineligibility for a drug conviction.  He served five years, and then was released on parole.  He states that his maximum expiration date was August 24, 2001.  In 2000, Plaintiff was arrested on federal firearm charges.  He was sentenced for that crime in 2002.

In June of 2005, defendant, a New Jersey parole supervisor, issued a parole violator warrant against Plaintiff due to the arrest for the "new" crime, and lodged it as a detainer at Plaintiff's place of confinement.

Plaintiff argues that he should be exonerated from any parole violation since his maximum expiration date was 2001.  He states that lodging the detainer four years after the maximum expiration date of his sentence violated his due process rights.  He asks for monetary relief.

**DISCUSSION**

**A.   Section 1915 Review**

The Prison Litigation Reform Act ("PLRA") was enacted "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  "A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

In determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower

Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

**B.   42 U.S.C. § 1983**

A plaintiff may have a federal cause of action under 42 U.S.C. § 1983 for alleged violations of constitutional rights. To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Claims Will Be Dismissed**

A habeas corpus action, rather than an action under 42 U.S.C. § 1983, is the proper remedy for a state prisoner who wishes to mount a constitutional challenge to the fact or length of custody.  See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (§ 1983 action is proper remedy for state prisoner challenging conditions of prison life, but habeas corpus, requiring the exhaustion of state court remedies, is the exclusive federal remedy where an inmate challenges the fact or length of custody).

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser,

4

whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further advised district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an

unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

With respect to his claim for damages and other relief, Plaintiff is, in effect, asserting that the detainer is impacting upon the length of his sentence and possibly affecting his classification status.  A favorable decision in this § 1983 proceeding would necessarily call the determination of the duration of his confinement into question.  See Heck, 512 U.S. at 486-87.  Absent Plaintiff's showing of a favorable termination, this § 1983 action is not cognizable.  See also White v. Gittens, 121 F.3d 803, 806-7 (1st Cir. 1997) (applying Heck to parole revocation); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (applying Heck to decision to deny parole); Adams v. Jones, 1999 WL 178365, *4-*5 (E.D.Pa.), aff'd, 208 F.3d 205 (3rd Cir. 2000) (applying Heck in context of parole revocation).

Because Plaintiff has not shown that the issuance of the detainer has been reversed, expunged, or declared invalid as required under Heck, his due process claims are not cognizable, and the Court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## **CONCLUSION**

Plaintiff's complaint will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted,

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  The Court will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper
                                       **MARY L. COOPER**
                                        United States District Judge